## LOHNAS *v.* ARKELL.

*(Supreme Court, General Term, Third Department.*   December 28, 1891.)

CORPORATIONS—NOTICE TO OFFICERS—CONTRACT OF LEASE.

    In an action to charge a railroad president as lessee of an hotel belonging to the company, the minutes of a directors' meeting were introduced, showing an offer by him to lease, and a resolution accepting the same. He claimed, however, that this contract was only provisional, and offered to prove that he had afterwards notified a certain director that he would not take the hotel. *Held*, that the offer was properly excluded as immaterial, as notice to one director was not notice to the company.

Appeal from judgment on report of referee.

Action by Deyoe Lohnas against William J. Arkell for the recovery of money. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before LEARNED, P. J., and MAYHAM and PUTNAM, JJ.

*W. A. Sweetser*, (*T. F. Hamilton*, of counsel,) for appellant.   *Adelbert E. Carroll*, for respondent.

LEARNED, P. J. This is an appeal from a judgment on report of a referee. The action was brought to recover for meat furnished during the season of 1890 to the Hotel Balmoral at Mt. McGregor. There is no question as to the delivery of the meat at that hotel during that season. The only question is whether the defendant is liable as lessee and proprietor. The matter is merely one of fact. The defendant was president of the Mt. McGregor Railroad Company, which owned and carried on a railroad running from Saratoga Springs to the top of Mt. McGregor, and also owned this hotel and the adjacent land. At a meeting of the directors, March 15, 1890, at which defendant was present, it appears that defendant offered to lease the hotel for the season of 1890 at the nominal rent of one dollar, and to indemnify the company against loss, with a proviso that the company would furnish free transportation to permanent guests. This was accepted by the company. The minutes containing the offer and acceptance were read and approved at the next meeting of the directors at which there was a quorum, viz., December 1st, at which also defendant was present. It is in evidence that in March or April of that year defendant made an arrangement with one Bailey to run

the hotel for $250 a month and half of the net profits. Bailey went there, looked at the hotel, and did run it, as manager, that season. Before he began he told defendant that he wanted a little bank-account of somebody else's money besides his own, and defendant gave him $300. He deposited this in a bank at Saratoga to his credit as manager. When the season was over he took the money he had, and paid the bills, except plaintiff's and Lefler's. He had an account against defendant for board of himself, his family, and friends at the hotel, and an account against the railroad company. He handed over these accounts, with some money—about $200—which he had in the bank, to the defendant. He also handed over to defendant the two outstanding bills,—plaintiff's and Lefler's,—which latter was for groceries. He told defendant he wanted him to take the money and pay these two bills, and defendant said: " All right." The plaintiff testifies that subsequently he called on defendant for payment, and he said he would pay the bill. In contradiction of this evidence the defendant testifies that at the meeting of the board of directors he said he thought he would run the hotel in his own name, but wanted to talk with his father and brother about it, and would let the company know shortly; that he asked them to pass the resolution so as to save time. He testifies that he did talk with his father and brother, and they thought the plan undesirable. He offered to testify that thereafter he told Mr. Richmond that he would not take the hotel. Mr. Richmond was a director of the railroad company. He states that he was also present at the meeting in December when the minutes of the March meeting, above mentioned, were read and approved. He denies his promise to pay plaintiff. He admits receiving from Bailey, at the close of the season, the check for about $200, the account against the railroad company for board, and his own account for board,—between $700 and $1,000. This is an outline of the testimony.

The defendant insists that he should have been permitted to prove his statement to Richmond that he would not take the hotel. We do not see the competency of this. Richmond was but a director. If defendant's version of the arrangement at the March meeting of the directors is correct, then he should have notified the directors, not merely a single director. He might as well have notified himself as have notified Richmond. He was president, and could probably have called a meeting of the board, and could have notified them. But the record of the meeting at which he was present, and the resolution which he testifies that he wished them to adopt, and the subsequent approval of the minutes in December at a meeting where he was present, are satisfactory evidence that he was the lessee, and that the proposition made by him in March, and accepted then by the board, was in no respect conditional. This is the only question raised on this appeal as to the admission or exclusion of evidence. We think that, in addition to the minutes, there is this further circumstance: The defendant, with his friends and family, boarded at the hotel, and incurred an indebtedness of from $700 to $1,000. At the close of the season Bailey handed over this amount to him, with the balance of the money, and also the two outstanding accounts. Now, unless the defendant was the lessee, this account of his would have been an indebtedness for him to pay. But if he were the lessee, and therefore bound to pay all the outstanding debts, there would be no use of his paying to Bailey, his agent, the amount of his own bill. The fact, therefore, that Bailey turned over to him, and he took, his own account, and the cash balance, with the two outstanding bills, is strong evidence that he was really the lessee and Bailey was his agent. There is no claim that Bailey was himself lessee. But it would seem that defendant claims that Bailey was agent of the railroad company. It does not appear, however, that he has paid his own board bill to the railroad company; and there is nothing in the testimony showing that the arrangement with Bailey was made in behalf of the

v.17 N.Y.s.no.2—14

company. The conversation, as testified to by Bailey, shows an agreement with the defendant. Whether the company could have set aside the lease between itself and defendant is immaterial. It never did. And as long as defendant, through his agent, Bailey, bought this meat of plaintiff, it matters not whether defendant's lease was voidable or valid. Defendant had the hotel, and his agent carried on the business. For the debts thus incurred the defendant is liable. Judgment affirmed, with costs. All concur.